**TRIDENT INTERNATIONAL LIMITED, Plaintiff–Appellant,**

v.

**AMERICAN STEAMSHIP OWNERS MUTUAL PROTECTION AND INDEMNITY ASSOCIATION, INC., Defendant–Appellee.**

No. 08–3648–cv.

United States Court of Appeals, Second Circuit.

June 22, 2009.

Raymond A. Connell, New York, NY, for Appellant.

Lawrence J. Bowles, Nourse & Bowles, LLP, New York, NY, for Appellees.

Present DENNIS JACOBS, Chief Judge, JON O. NEWMAN, and ROSEMARY S. POOLER, Circuit Judges.

### SUMMARY ORDER

Trident International Limited ("Trident") appeals from an order of the United States District Court for the Southern District of New York (Leisure, *J.*), granting summary judgment in favor of defendant-appellee American Steamship Owners Mutual Protection and Indemnity Association, Inc. ("American Club"), a captive insurance company. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Trident, a concessionaire on cruise ships, contracted with time-charterer Imperial Majesty Cruise Line LLC ("IMCL") to provide food and beverage service aboard the ship the MV REGAL EMPRESS. Trident alleges that it paid IMCL over $300,000 per year to procure liability coverage under an indemnity policy (the "Certificate of Entry") issued by American Club to its "Members": IMCL itself, and the ship's owner, Celebration World Cruise Line LLC ("CWCL").

Trident paid medical bills (maintenance and cure) relating to the hospitalization of a seaman, and sought reimbursement under the Certificate of Entry. American Club declined coverage, citing the "Misdirected Arrow Clause" appended to the Certificate of Entry, which limited the coverage afforded to Trident to instances wherein Trident "may be found liable to pay in the first instance for loss or damage which is properly the responsibility of [CWCL] ...." The district court granted summary judgment to American Club, holding that the Misdirected Arrow Clause was unambiguous; the seaman in question was in the employ of Trident, not CWCL; and therefore, under the contracts between Trident and IMCL and this Court's decision in *Mahramas v. American Export Isbrandtsen Lines Inc.*, 475 F.2d 165, 170 (2d Cir.1973), any loss associated with the seaman's maintenance and cure was properly the responsibility of Trident.

We affirm for substantially the reasons stated by the district court. The Misdirected Arrow Clause unambiguously precludes coverage for Trident's claim in this case. Trident protests that the Misdirected Arrow Clause renders coverage virtually worthless, which may be true. However, notwithstanding the substantial

payments allegedly made by Trident to IMCL, American Club issued the Misdirected Arrow coverage to its Members as an accommodation, without any additional premium. So while Misdirected Arrow coverage may amount to next to nothing, the premium paid to procure it was nothing at all. Under these circumstances, American Club owes no coverage to Trident for this loss. Our affirmance is without prejudice to whatever remedies Trident may have against IMCL.

Finding no merit in Trident's remaining arguments, we hereby **AFFIRM** the judgment of the district court.